IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CONCRETE RECYCLING CENTERS OF PUERTO RICO, LLC**; **RONALD LEVENTHAL,** and **COREY J. HOGAN**<br><br>*Plaintiffs*<br><br>v.<br><br>**CCW METAL RECYCLING LLC; EMPRESAS CRC, LLC;, WALLACE COBAN AND CLARISA A. LUGO VELEZ**<br><br>*Defendants*<br><br>**RICHARD SARGENT**<br>*Person with Interest* | CIVIL NO. |

# COMPLAINT

**TO THE HONORABLE COURT**:

**COMES** now plaintiffs through the undersigned attorney, and respectfully alleges and prays:

### I. NATURE OF ACTION AND JURISDICTION

1. This is a civil action pursuant to Articles 1230,1233,1234,1536 and 1538 of the Puerto Rico Civil Code (2020).

2. The Jurisdiction of this Court is proper under 28 U.S.C. 1332 since plaintiffs Ronald Leventhal is a resident of Orlando, Florida, Corey J.

1

Hogan is resident of Buffalo, New York and Concrete Recycling of Puerto Rico is a limited liability company organized in accordance with the laws of the state of Florida. Subject matter jurisdiction is proper in this matter pursuant to 42 U.S.C. §2000a(b) *et seq* and 28 U.S.C. §1331. This Court has jurisdiction over the state law claims, *infra*, pursuant to 28 U.S.C. §1367 et seq.

3. Defendant CCW Metal Recycling LLC and Empresas CRC LLC are corporations organized in accordance with laws of Puerto Rico. Co-defendants Wallace Coban and Clarisa A. Lugo Vélez are residents of Puerto Rico.

4. Richard Sargent is a resident of Dallas, Texas.

5. The controversy on this claim exceeds the sum $75,000.00.

## II. THE PARTIES

6. Plaintiff Concrete Recycling Centers of Puerto Rico, LLC is a domestic corporation organized in accordance to the laws of Florida.

7. Plaintiff Ronald Leventhal is of legal age and resident of Orlando, Florida.

8. Plaintiff Corey J. Hogan is of legal age and resident of Buffalo, New York.

9. Defendant CCW Metal Recycling, LLC is a corporation organized in accordance to the laws of Puerto Rico. Its main address and mailing address are 402 Blvd Media Luna, Apt. 1903, Carolina, P.R. 00987, and its resident agent is co-defendant Clarissa A. Lugo Velez.

10. Co-defendant Empresas CRC, LLC, is a corporation organized in

accordance to the laws of Puerto Rico. Its main address is Bo. Media Luna Carr. 165 K.M. 14.9, Toa Baja, P.R. 00949. Its mailing address is 402 Blvd. Medina Luna Apt. 1903, Veredas del Parque, Carolina, P.R. 00987, and its resident agent is co-defendant Clarissa A. Lugo Velez.

11. Defendant Wallace Coban is of legal age and domicile in Toa Baja, Puerto Rico.

12. Defendant Clarisa A. Lugo Vélez is of legal age and domicile in Carolina, Puerto Rico.

13. Richard Sargent is of legal age and a resident of Dallas, Texas.

14. All corporations have the legal capacity to sue and be sued.

15. John Doe and Richard Roe are fictitious names to identify persons that may be found to be liable to plaintiff during the discovery.

16. ABC Insurance Company and DEF Insurance Company are fictitious names for insurance companies that may have insured contract with defendants.

### III. THE FACTS

17. On January 15, 2024 plaintiffs, Concrete Recycling Centers of Puerto Rico, LLC., Ronald Leventhal, Corey J. Hogan and defendants signed a Joint Venture in which it was agreed as follows:

> "3.ECRC is a party to a lease contract with JUSTO CRUZ MORALES and ADA IVTETTE SALGADO CALDERON of about 6 acres which is approximately 50% of the parcel owned by the lessors. The cadaster number for this parcel is 059-050-782-01-000. This lease is effective for 10 years with an option to renew for an additional years term."

18. At averment 8 of the Joint Venture Agreement it is stated as follows:

> "8. If CRCPR renews this Joint Venture Agreement, it will continue forward subject to the same terms as provided for herein. All proceeds generated by this Joint Venture Agreement whether at the TOA BAJA, DORADO site or at PONCE will belong to CRCPR, subject to the following payments:
>
> a. Upon signing this agreement by all parties, and within a period of 48 hours thereafter, $1500.00 (one thousand five hundred dollars) will be paid directly to WALLACE COBAN (hereafter WALLACE) and a further $1500.00 (one thousand 500 dollars) will be paid directly to CLARISA A. LUGO VELEZ ( hereafter CLARISA). Note: This was paid $3,000 on January 12, 2024 plus an additional $5,750 for the permit renewal fee.
>
> b. Beginning after a minimum of twenty ("20") truckloads of concrete and metal are received at the DORADO location and an additional minimum twenty ("20") truckloads per week received at the (upon opening) PONCE location, a weekly salary of $1,500.00 (one thousand five hundred dollars) will be paid to both WALLACE and CLARISA contingent upon them continuing to secure approximately 20 truckloads per week of concrete and metals at each location, or in a combination of 40 truckloads between the two locations. Until February 18, 2024, the minimum per location will be increased to twenty-five truckloads. Note: In good faith based on representation that loads would begin arriving before January 26, 2024, $3,000 was paid on January 22, 2024 plus an additional $2,313.63 for the monthly rental of a skid steer.
>
> c. If CCW secures the concrete and metal scrap from a building implosion that is expected to realize approximately 75,000 tons or more of concrete rubble and a further 55,000 tons of raw steel and this concrete and steel are delivered on a regular and consistent basis to the CRCPR site in Ponce, then the minimum 25 truckloads per week per location will be waived for a period of one ("1") year.

19. At averment 10, it is stated as follows:

    "In addition to the provisions set out in section 8, the legal entity CCW will receive $1.20 per ton for concrete rubble received at either the DORADO or PONCE site and will receive a further $1 per ton for any processed concrete sold from either location and paid to CRCPR. These funds will be paid ten ("10") days after the end of each month by CRCPR to CCW.

20. At averment 11, it states as follows:

    "All payments received at either location from any and all customers and/or vendors will be paid to CRCPR and not to CCW, as CCW'S sources of income from either site will be limited to what is provided for in this Joint Venture Agreement."

21. Plaintiff has complied with all its obligations in the Joint Venture Agreement and has sent to defendants payments for over $600,000.00 dollars.

22. Plaintiffs, on the other hand, have not received a single payment as it was agreed on averment 11 of the Joint Venture Agreement, cited at averment 19 of the complaint.

23. Defendants have not informed plaintiff of the income and/or payments received by them at the Toa Baja, Dorado or Ponce location nor have they informed as to their business transactions.

24. A joint venture is an association of persons with intent, by way of contract, express or implied, to engage in and carry out a single business adventure for joint profit, for which purpose they combine their efforts,

property, money, skill, and knowledge, but without creating a partnership in the legal or technical sense of the term, or a corporation, and they agree that there shall be a community of interest among them as to the purpose of the undertaking.[1]

25. The basic elements of a Joint Venture Agreement is an association of two or more persons to carry out a single business enterprise in which they will share their earnings and the losses **as well as the management of the enterprise.**

26. In the Joint Venture Agreement it is stated, at averment 3, as follows:

"3. ECRC is a party to a lease contract with JUSTO CRUZ MORALES and ADA IVETTE SALGADO CALDERON of about 6 acres which is approximately 50% of the parcel owned by the lessors. The Cadastre number for this parcel is 059-050-782-01-000. This lease is effective for 10 years with an option to renew for an additional five-year term."

27. It has come to plaintiff's knowledge that Justo Cruz Morales and Ada Ivette Salgado Calderón have filed a criminal complaint against Clarissa Lugo Velez and/or Wallace Coban in which they allege that in the lease contract defendants falsify their signature (complaint number 2024: 7-171:001603). If this allegation is true, the lease contract will be null and void.

28. All this has caused plaintiff damages pursuant to Article 1536 of the Civil Code of Puerto Rico, damages that are reasonably estimated in an amount no less than $5,000,000.00

---

[1] Sheppard v. Carey, 254 A.2d 260 (1969).

29. If in fact Justo Cruz Morales and Ada Ivette Salgado Calderon signature were falsified, being this a crime, an additional indemnification should be imposed, pursuant to Article 1538 of the Civil Code of Puerto Rico.

30. The breach of the Joint Venture Agreement by defendants and their failure to comply with their obligations grants plaintiff the right to request the cancellation of the Joint Venture Agreement.

31. Plaintiffs request that defendants be ordered to return all the payments made to them by plaintiffs.

32. At the Joint Venture Agreement, it is stated at averment 2, that CCW is a Puerto Rican Limited Liability Company owned 50% by Richard Sargent, 25% by Wallace Coban and 25% by Clarisa A. Lugo-Vélez. As far as is of plaintiff's knowledge, Defendants have not informed Richard Sargent of the business that they are doing in Puerto Rico through CCW Metal Recycling LLC. Richard Sargent has not been involved in the business and administration of CCW. For this he is included in the complaint as a person with interest.

## FIRST CAUSE OF ACTION

33. Now appears plaintiff, in this case and repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth at length herein. Richard Sargent is domicile in the state of North Dakota.

34. That the Joint Venture Agreement signed by plaintiffs and defendants be

declared nulled and void.

## SECOND CAUSE OF ACTION

35. Now appears plaintiff, in this case and repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth at length herein.

36. That defendant's be ordered to return to plaintiff all the payments that they have received from plaintiffs which are estimated to be over $600,000.00.

## THIRD CAUSE OF ACTION

37. Now appears plaintiff, in this case and repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth at length herein.

38. That the breach of contract by defendants have caused damages to plaintiff in accordance to Article 1536 of the Civil Code of Puerto Rico, damages that are reasonably estimated in $5,000,000.00.

## FOURTH CAUSE OF ACTION

39. Now appears plaintiff, in this case and repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth at length herein.

40. That because the falsification of Mr. Justo Cruz Morales and Ada Ivette Salgado Calderón in the lease agreement with co-defendant Empresas

CRC LLC, constitute a crime and an additional indemnification should be impose against defendants and in favor plaintiff in accordance to Article 1538 of the Civil Code of Puerto Rico.

## FIFTH CAUSE OF ACTION

41. Now appears plaintiff, in this case and repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth at length herein.

42. - Defendants acts show that they did not act in good faith, this constitutes and intentional, malicious and reckless indifference and punitive damages should be imposed on defendants jointly and separately for an amount in $5,000,000.00

## TRIAL BY JURY

43. A Trial by Jury is requested in all causes of actions.

**WHEREFORE,** plaintiff respectfully prays this Honorable Court to:

a. Assume Jurisdiction of this action;

b Order defendants to return to plaintiff all the amounts that plaintiff have sent to defendants.

c. Grant Plaintiff compensatory damages in an amount in excess of $5,000,000.00.

d. Grant plaintiff punitive damages against the defendants, and each of them, jointly and severely; in an amount of $5,000,000.00.

e. Grant plaintiff an additional indemnification in accordance with Article 1538 of the Civil Code of Puerto Rico in an amount that is reasonably estimated in $5,000,000.00.

e. An award of reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursement.

f. Any other remedies which this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In Aguadilla, Puerto Rico this 16th day of December of 2024.

*S/ Israel Roldan-Gonzalez*
**ISRAEL ROLDAN-GONZALEZ**
**USDC-PR No. 115602**
**35 progreso**
**Aguadilla, P.R. 00603**
**Tel. 891-1359,**
irg@roldanlawpr.com